IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILES THOMAS,<br><br>               Plaintiff,<br><br>   vs.<br><br>QUEENS HOSPITAL, THOMAS WILLIAMS, NICHOLAS MAURICO, JOANNE CADDALI,<br><br>              Defendants. | CIV. NO. 25-00405 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

Before the Court is pro se Plaintiff Miles Thomas' ("Plaintiff") *Application to Proceed in District Court without Prepaying Fees or Costs* ("Application"), filed on September 19, 2025.  ECF No. 3.  The Court elects to decide the *Application* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules" or "LR").

After careful consideration of the *Application*, *Complaint and Request for Injunction* ("Complaint") (ECF No. 1) and applicable law, the Court **FINDS** that the *Complaint* fails to state a claim and **RECOMMENDS** that the *Complaint* be

**DISMISSED WITHOUT PREJUDICE** with leave to amend. The Court further **RECOMMENDS** that the *Application* be **DENIED WITHOUT PREJUDICE**.

## DISCUSSION

Plaintiff is proceeding pro se and is requesting to proceed in forma pauperis. When a plaintiff seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e). A court may deny the application at the outset and dismiss the complaint if it determines during the screening that the complaint "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). During screening, the Court must accept as true the allegations in the complaint. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted). However, the Court is required by the Ninth Circuit to construe the pleadings filed by pro se litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (citations omitted).

## DISCUSSION

### A. **The *Complaint* Fails to State a Claim on which Relief May be Granted**

The Court first turns to the screening of the *Complaint*[1]. When determining whether a complaint fails to state a claim, the Court must apply *Federal Rule of*

---

[1] The Court does not consider the *Statement*, filed September 22, 2025, by which Plaintiff improperly attempts to provide supplemental information concerning events underlying the *Complaint*. ECF No. 6.

*Civil Procedure* ("Fed. R. Civ. P.") 8's pleading standard the same way the Court applies the standard in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). *Fed. R. Civ. P.* 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Fed. R. Civ. P.* 8(a)(2). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

*Fed. R. Civ. P.* 8 does not demand "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Nevertheless, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

At the outset, the Court notes that even construing the *Complaint* liberally, the Court cannot clearly discern the facts of the case, the claims being asserted and how the facts support the claims alleged. Plaintiff names four (4) defendants,

Queen's Hospital, Thomas Williams, Nicholas Maurico and Joanne Caddali (collectively, "Defendants").

The *Complaint* alleges the following:

> I fell off a roof over 12 feet high landing on my head and was malpracticed [sic] by Queens hospital multiple times which proves this lawsuit and others that will be filed against its medical professionals are valid. Queens did not do a head or neck evaluation or CAT scan they falsified that too. …
>
> My skull is fracture [sic] and my neck, both collar bones broken, left shoulder critical while right should is not as bad also. Spine not in line, both elbows damaged, hip cracked but none of it was documented with [sic] caused me to be damaged worst. Even now Queens is trying to cover up all injuries with Straub Hospital.

ECF No. 1 at PageID.5. Other than indicating the events giving rise to his claims occurred on March 2, 2023, Plaintiff provides no further allegations in the *Complaint*. *Id.* at PageID.4. As for relief sought, Plaintiff requests the "Court order MRI with plaintiff's fiancé to record and x-rays, make Queens Hospital release me of all medical charges for fraud [sic] health care." *Id.* at PageID.5 Plaintiff also seeks monetary damages for the following:

> fractured skull 1 billion dollars, shoulder replacement 1.5 billion [dollars], hip replacement, elbows, collar bones 1.5 billion [dollars], pain and suffering 1 billion [dollars], loss [sic] wages and spine damage 1 billion [dollars], emotional distress, loss of love and effection [sic], loss of enjoyment of life 1 billion [dollars.]

*Id.*

Plaintiff fails to state any allegations, much less, specific allegations, concerning the conduct of any of the Defendants. As such, the *Complaint* fails to

4

state any viable claims as required by *Fed. R. Civ. P.* 8. The Court may dismiss a complaint for failure to comply with Rule 8. *See*, *Hearns v. San Bernardino Police Department*, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct." *Fed. R. Civ. P.* 8(a)(2), (d)(1). A complaint that is so confusing that its " 'true substance, if any, is well disguised' " may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns*, 530 F.3d at 1131 (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint may be dismissed for failure to comply with Rule 8 if the complaint fails to provide the defendants with fair notice of the wrongs that they have allegedly committed. *See*, *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"). Because Plaintiff is appearing pro se in this action, the Court liberally construes the pleadings. *See*, *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). The Court has reviewed Plaintiff's *Complaint* and concludes that, even liberally construed, the *Complaint* fails to state any discernable basis for

5

judicial relief.  The *Complaint* is thus insufficient and fails to state a plausible claim upon which relief can be granted.

**B.     The Complaint Should be Dismissed Without Prejudice**

Despite the foregoing deficiencies, Plaintiff is proceeding pro se and the deficiencies could potentially be cured by amendment.  *See Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations marks omitted) (citations omitted).  The Court thus recommends that the *Complaint* be dismissed without prejudice and that Plaintiff be permitted leave to file an amended complaint.

If the *Complaint* is dismissed and Plaintiff elects to amend, Plaintiff shall title the amended pleading "First Amended Complaint" and must address the deficiencies noted in this *Findings and Recommendation* and/or in the district court's order, as directed by the district court.  Failure to cure the deficiencies identified in the district court's order or failure to timely file an amended pleading that conforms with the district court's order should result in dismissal of this action without leave to amend.  Plaintiff is reminded that if a first amended complaint is filed, the original pleading may not be incorporated into the amended pleading and shall no longer serve any function in this case.  The Court reminds Plaintiff to state all claims clearly and concisely, but with enough factual allegations to determine

from the face of the first amended complaint that Plaintiff has stated a claim upon which relief can be granted as to each defendant.

### C. The Application Should be Denied Without Prejudice

The *Application* should be denied based on this Court's finding that the *Complaint* fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (citation omitted). However, the Court notes that even if the *Application* was considered, the Court would nevertheless deny the *Application* based on the financial information provided. Plaintiff " 'need not be absolutely destitute to obtain benefits of the in forma pauperis statute.' " *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). However, Plaintiff "must allege poverty 'with some particularity, definiteness and certainty[,]'" and Plaintiff failed to do so. *See id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

The *Application* fails to disclose sufficient information. For example, Plaintiff fails to disclose whether he is employed and if so, his gross and net pay. ECF No. 3 at PageID.55. While Plaintiff does disclose certain financial information, he fails to disclose whether he has any savings and if so, the amount. Id. at PageID.56. Beyond this, Plaint fails to disclose the amount he is obligated to pay as child support for "H.T." and "V.T." as well as, for "student loan" and "ID theft from bills in [his] name." *Id.*

Plaintiff may not submit another application until the district court rules on this *Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed In Forma Pauperis* and permits him to do so.  If the district court grants Plaintiff leave to file an amended complaint and Plaintiff elects to do so, Plaintiff is required to pay the filing fees or submit another application to proceed in forma pauperis.  If Plaintiff submits another application, Plaintiff should provide the monetary value of any assets or liabilities.  Plaintiff is reminded of his obligation to be forthright, honest, clear and complete about his financial information.

## **CONCLUSION**

Based on the foregoing, the Court **RECOMMENDS** that the district court **DISMISS** the *Complaint* without prejudice and **DENY** the *Application*.  The Court **RECOMMENDS** that Plaintiff be **GRANTED** leave to amend.  If the district court dismisses and grants Plaintiff leave to amend the *Complaint*, Plaintiff must timely file a first amended complaint by the deadline set by the district court.  If the district court permits, Plaintiff must also either pay the required filing fee or file another application.  Failure to meet the requirements and deadlines set forth by the district court shall result in an automatic dismissal.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk's Office is directed to **ASSIGN** this case to a district judge.  Magistrate Judge Trader to remain as the assigned Magistrate Judge.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 24, 2025.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 25-00405 RT-NONE; *Miles Thomas vs. Queens Hospital, Thomas Williams, Nicholas Maurico, Joanne Caddali*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed In Forma Pauperis